Elmer A. REYES–MERCADO,
Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney
General, Respondent.

No. 11–60782
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 2012.

Cyril Okey Chukwrah, Attorney, Houston, TX, for Petitioner.

Jacob Alexander Bashyrov, U.S. Department of Justice, Tangerlia Cox, Don George Scroggin, Trial Attorney, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM: *

Nicaraguan citizen Elmer A. Reyes–Mercado petitions this court for review of

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

416

a decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ's) order that he be removed from this country. Similar to his filings with the BIA, Reyes–Mercado argues that he is entitled to asylum, withholding of removal, relief under the Convention Against Torture (CAT), and adjustment of status.

■ We review the BIA's decision with respect to asylum, withholding of removal, and CAT relief for substantial evidence. *Chen v. Gonzales,* 470 F.3d 1131, 1134 (5th Cir.2006). Reyes–Mercado has not met this standard, as he has not shown that the evidence compels a conclusion contrary to that reached by the BIA. *See id.* Insofar as he argues that the BIA erred by determining that he should have submitted evidence to corroborate his claims, this argument fails. *See Rui Yang v. Holder,* 664 F.3d 580, 585–587 (5th Cir. 2011), *cert. denied,* —— U.S. ——, 132 S.Ct. 2772, 183 L.Ed.2d 638 (2012). To the extent Reyes–Mercado contends that the IJ and BIA should not have relied upon the Department of State Country Report in assessing his claims, he is wrong. *See Rojas v. INS,* 937 F.2d 186, 190 n. 1 (5th Cir.1991). Reyes–Mercado's argument that he is entitled to adjustment of status misses the mark because that relief is not available from this court. *See* 8 C.F.R. § 1245.2(a)(1); *De Hoyos v. Mukasey,* 551 F.3d 339, 341 (5th Cir.2008); *Sung v. Keisler,* 505 F.3d 372, 376 (5th Cir.2007). The petition for review is DENIED.

the limited circumstances set forth in 5TH CIR.   R. 47.5.4.